**Petition for Writ of Mandamus Dismissed as Moot and Memorandum and Concurring Opinions filed April 3, 2026.**



**In The**

# Fifteenth Court of Appeals

_____

### NO. 15-25-00152-CV
_____

## IN RE FRANCES SPANOS SHELTON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**414th District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2024-3035-5**

## CONCURRING OPINION

I concur in the dismissal of Relator Fran Spanos Shelton's mandamus petition, but there is a more pressing reason requiring this Court to dismiss. Shelton filed her mandamus petition in this Court after her interlocutory appeal was transferred from the Tenth Court of Appeals pursuant to the Texas Supreme Court's docket equalization powers. *See* Tex. Gov't Code § 73.001(a). But the Texas Government Code extends our writ power only to matters falling within our "exclusive intermediate appellate jurisdiction," *Id.* § 22.221(c-1), and neither her appeal nor her

mandamus does so. Further, an examination of the relevant statutes and the appellate rules would show that our writ jurisdiction is not the same as the jurisdiction granted by a docket equalization transfer. Consequently, although I agree that our denial of relief for the appeal would in theory moot the mandamus petition, I would instead dismiss because we lack writ power over the petition.

Like the other intermediate appellate courts in Texas, this Court finds its grant of writ power in section 22.221 of the Government Code. *Id.* § 22.221(a). Normally, writ power is limited to the particular district over which a court of appeals presides. *Id.* § 22.221(b). But because this Court's "district is statewide," *In re Dallas Cnty.*, 697 S.W.3d 142, 159 (Tex. 2024) (orig. proceeding), our writ power is instead limited to "matters over which the court has exclusive intermediate appellate jurisdiction under subsection 22.220(d)." Tex. Gov't Code § 22.221(c-1). Subsection 22.220(d) lists certain civil matters that lie within our "exclusive intermediate appellate jurisdiction," along with a catch-all provision in (d)(3) for "any other matter as provided by law." *Id.* § 22.220(d). Absent from this list is any mention of a matter transferred under Chapter 73.

Chapter 73 grants the Texas Supreme Court the discretionary power of docket equalization, in which it "may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer." *Id.* § 73.001. While the Texas Supreme Court may transfer a case from one court of appeals to the Fifteenth, this does not apply vice versa, meaning that a case properly filed in this Court cannot be transferred to another court of appeals "for the purpose of equalizing the dockets." *Id.* § 73.001(b). Further, section 73.002 expressly conveys the Legislature's grant of jurisdiction for docket equalization transfers, stating that "[t]he court of appeals to which a case is transferred has jurisdiction of the case without regard to the district in which the case originally was

2

tried and to which it is returnable on appeal." *Id.* § 73.002(a).

But section 73.002's grant of "jurisdiction" for purposes of docket equalization should not be read as a grant of "exclusive intermediate appellate jurisdiction" when cases are transferred to the Fifteenth Court. *Id.* § 22.221(c-1). Texas courts are bound by the text of the statute itself, and our interpretive power does not allow us to add words that the Legislature did not include. *See In re D.S.*, 602 S.W.3d 504, 514 (Tex. 2020) ("In construing a statute, we assume the Legislature chose statutory language with care, included each chosen word for a purpose, and purposefully omitted all other words."); *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012) ("[T]his Court presumes the Legislature deliberately and purposefully selects words and phrases it enacts, as well as deliberately and purposefully omits words and phrases it does not enact.").

The text of the Government Code is clear: our writ power is limited to cases within our "exclusive intermediate appellate jurisdiction." Tex. Gov't Code § 22.221(c-1). On the other hand, a court of appeals that receives a case by a discretionary equalization transfer merely "has jurisdiction of the case." *Id.* § 73.002(a). The words "exclusive," "intermediate," and "appellate" in subsection 22.221(c-1) are not to be glossed over, and we must consider the significance of these words' absence. *See Centerpoint Builders, GP, LLC v. Trussway Ltd.*, 496 S.W.3d 33, 36 (Tex. 2016) ("'[W]e must attempt to give effect to every word and phrase,' and we may not omit or gloss over verbiage in an attempt to reclaim clarity." (quoting *Abrams v. Jones*, 35 S.W.3d 620, 625 (Tex. 2000))). It follows that the "jurisdiction" granted by the Legislature for docket equalization (our "equalization jurisdiction") must be read as separate and distinct from the "exclusive intermediate appellate jurisdiction" (our "exclusive jurisdiction") necessary for our writ power.

Relator Shelton made this point in her appeal by citing *Kelley v. Homminga*,

3

which stated that "the relevant statutes authorize the Fifteenth Court to hear (1) appeals and writs within the court's exclusive intermediate appellate jurisdiction, and (2) appeals we transfer into the court to equalize the courts of appeals' dockets." 706 S.W.3d 829, 830 (Tex. 2025) (per curiam). The Texas Supreme Court also stated that the appeals before the Court did not fall into "either category" in reference to these two prongs, *id.*, implying that jurisdiction may be granted for docket equalization apart from this court's "exclusive intermediate appellate jurisdiction." Thus, *Homminga* appears to clearly distinguish our exclusive jurisdiction from our equalization jurisdiction.

Texas Rule of Appellate Procedure 27a likewise recognizes that our two buckets of properly exercised appellate jurisdiction—exclusive jurisdiction cases and docket-equalization cases—are distinct.[1] Chapter 73 of the Government Code authorizes the Texas Supreme Court to adopt rules for transfers either to or from this Court based on whether the case falls within our exclusive jurisdiction.[2] Tex. Gov't Code § 73.001(c). The Texas Supreme Court did so by adopting Rule 27a, *Homminga*, 706 S.W.3d at 832, which applies to appeals "(A) taken to the Fifteenth Court of Appeals that are not within the Fifteenth Court of Appeals' exclusive

---

[1] In addition, this Court itself has distinguished its exclusive jurisdiction from its equalization jurisdiction. *See Williams v. MMP Properties*, LLC, No. 15-24-00105-CV, 2025 WL 1909795, at *2 n.2 (Tex. App.—15th Dist., no pet) (mem. op.) ("Because this case was transferred as being within the exclusive intermediate appellate jurisdiction of the Fifteenth Court of Appeals, and not for docket equalization, we are not bound by Rule 41.3 in deciding today's case.").

[2] Specifically, subsection 73.001(c) states: "The supreme court shall adopt rules for: (1) transferring an appeal inappropriately filed in the Fifteenth Court of Appeals to a court of appeals with jurisdiction over the appeal; and (2) transferring to the Fifteenth Court of Appeals from another court of appeals the appeals over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction under subsection 22.220(d)." Tex. Gov. Code § 73.001(c). And as the Texas Supreme Court stated in *Homminga*, "[w]hen appeals regarding matters falling outside this jurisdiction are noticed to the Fifteenth Court, they are 'inappropriately filed' and must be transferred." *Homminga*, 706 S.W.3d at 833.

intermediate appellate jurisdiction; or (B) taken to a regional court of appeals and over which the Fifteenth Court of Appeals has exclusive intermediate appellate jurisdiction." Tex. R. App. P. 27a(b)(1). Notably, Rule 27a "does not apply to appeals transferred by the Supreme Court for good cause, including for docket equalization purposes." *Id.* R. 27a(b)(2). By adopting rules that apply to our exclusive jurisdiction, but not our equalization jurisdiction, the Texas Supreme Court clearly recognizes the two as separate and distinct jurisdictions.

In addition, though subsection 73.001(a) of the Government Code allows for equalization transfers, it prohibits transfers of cases "properly filed" in the Fifteenth Court (i.e., within our exclusive jurisdiction) "for the purpose of equalizing the dockets of the court of appeals." Tex. Gov't Code § 73.001(a)–(b); *Homminga*, 706 S.W.3d at 833 ("Considering the legislation as a whole, we conclude that the most natural meaning of 'properly filed' cases that may not be transferred is supplied by subsection 22.220(d), which defines the matters over which the Fifteenth Court has 'exclusive intermediate appellate jurisdiction.'"). If the jurisdiction granted through equalization transfer was included in our exclusive jurisdiction, the Government Code and appellate rules would be difficult to reconcile. Rather, our aim should be to interpret the statutory scheme in a way that "harmonizes all its provisions into a cohesive whole." *Homminga*, 706 S.W.3d at 834.

Simply put, we may not conflate these two types of jurisdiction when the Government Code and the appellate rules do not. Consequently, our writ power cannot extend to both unless the Legislature clearly intended it to do so. *See Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013) ("When construing a statute, our chief objective is effectuating the Legislature's intent, and ordinarily, the truest manifestation of what lawmakers intended is what they enacted.").

Though our "district is statewide," *In re Dallas Cnty.*, 697 S.W.3d at 159, and we are authorized to hear certain transfer cases, the Fifteenth Court of Appeals is ultimately a court of limited jurisdiction. The Legislature spoke clearly in limiting our writ power to cases falling within our "exclusive intermediate appellate jurisdiction." Tex. Gov't Code § 22.221(c-1); *see Homminga*, 706 S.W.3d at 831 (noting that this Court's writ jurisdiction is "much more limited" than the other courts of appeals). Consequently, I would caution against entertaining any attempt to expand this Court's writ jurisdiction without a clear and exact legislative grant. This caution is all the more necessary given Texas courts' strict view on mandamus remedies. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) ("Mandamus is intended to be an extraordinary remedy, available only in limited circumstances."). As such, I would dismiss for lack of writ jurisdiction over the mandamus petition.


/s/ April Farris
April Farris
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.

6